United States Courts
Southern District of Texas
ENTERED

NOV 1 0 2005

Michael N. Milby, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE WILBERT BILBREW, | § | |
| (TDCJ-CID #882188) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-0130 |
| | § | |
| J. MICHAEL WILKINSON., *et al.,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Clarence Wilbert Bilbrew, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in January 2005, alleging civil rights violations resulting from denial of access to the courts; conspiracy; and retaliation. Bilbrew, proceeding *pro se* and *in forma pauperis*, sues J. Michael Wilkinson, Judge of the 179th Judicial District Court of Harris County, Texas; Charles Bacarisse, Harris County District Clerk; Charles A. Rosenthal, Harris County District Attorney; Frank Hoke, Access to Courts Coordinator; and V. Barrow, Assistant Administrator of the Access to Courts Program.

On July 27, 2005, this court construed Bilbrew's motion to stay as a motion for voluntary dismissal, (Docket Entry No. 7), and dismissed this lawsuit without prejudice. (Docket Entry No. 10). On August 8, 2005, Bilbrew filed a motion to

proceed, in which he explains that he would like to continue litigating this lawsuit. Bilbrew's constructive motion to reinstate, (Docket Entry No. 12), is GRANTED.

The threshold issue is whether Bilbrew's claims should be dismissed as frivolous. The court concludes that Bilbrew's claims lack merit and should be dismissed for the reasons stated below.

## I.    Plaintiff's Allegations

Defendants have released official and public information which caused physical and mental injuries. The conspiratorial acts caused Bilbrew to be the subject of libel, slander, and defamation. The defendants denied Bilbrew the equal protection of the law.

On July 30, 2002, Bilbrew filed a state application for post-conviction relief. Prison officials confiscated legal products necessary for Bilbrew to litigate various cases. Prison officials disrupted Bilbrew's legal work by damaging and confiscating records, transcripts, orders, and affidavits. Prison officials retaliated against Bilbrew for his use of the grievance process and litigation. Prison officials prevented Bilbrew from challenging his conviction. The defendants caused the delay in reviewing his state application.

Judge Wilkinson failed to obey the law and abused his discretion by delaying consideration of Bilbrew's state application. Bacarisse failed to release truthful

2

accurate information concerning Bilbrew's criminal conviction.   The District Attorney Rosenthal filed false and ambiguous pleadings.

Hoke failed to investigate Bilbrew's complaints of denial of access to the courts.  Hoke failed to insure that Bilbrew received additional legal storage space for Bilbrew's ongoing litigation of the state application. Barrow failed to prevent retaliation, denial of access to the prison law library, and access to legal materials.

Bilbrew seeks monetary relief.

## II.    Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.   The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A governs this suit by a prisoner against a prison official.

A complaint is frivolous if it lacks an arguable basis in law or fact.  *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).

"A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III.   The Claim Based on Denial of Access to the Courts

The right of access to the courts is a fundamental constitutional right grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses. *See Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993). "Any deliberate impediment to access, even delay of access, may constitute a constitutional deprivation." *Jackson v. Procunier,* 789 F.2d 307, 311 (5th Cir. 1986).

Prisoners have a constitutionally protected right of access to the courts. *Brewer v. Wilkinson,* 3 F.3d 816, 820 (5th Cir. 1993), *cert. denied,* 510 U.S. 1123 (1994). This right assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. *Lewis v. Casey,* 518 U.S. 343 (1996). Inmates are "not guarantee[d] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis*, 518 U.S. at 355. The decision in *Bounds v. Smith,* 430 U.S. 817 (1977), guarantees no particular methodology but rather the conferral of a capability--the capability of bringing

contemplated challenges to sentences or conditions of confinement before the courts. *Id.* at 356. When any inmate, even an illiterate or non-English-speaking inmate, shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates that the State has failed to furnish adequate law libraries or adequate assistance from persons trained in the law. *Id.* at 356.

Courts have required that the access be "adequate, effective, and meaningful." *See Bounds,* 430 U.S. at 824-25. The state must furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and adequate opportunity to conduct legal research through access to adequate law libraries or access to "persons trained in the law" or other persons who can provide legal assistance. *Id.* at 824-28.

Prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. *See Lewis,* 518 U.S. at 356. Restrictions on direct access to legal materials may be warranted when prison security is involved. *See Eason v. Thaler,* 73 F.3d 1322, 1329 (5th Cir. 1996). However, arbitrary limitations and restrictions on access to legal materials, without the assistance of

persons trained in the law, and without the ability of inmates in administrative segregation to examine legal digests, hornbooks, and other legal materials firsthand is unconstitutional. *See Eason v. Thaler,* 14 F.3d 8, 9-10 (5th Cir. 1994)(holding that allegations of a total denial of all access to the prison law library for twenty-five days following a prison riot stated a constitutional violation).

To prevail on a denial of access to the courts claim, a plaintiff suing under Section 1983 must establish that he has been prejudiced in connection with some identifiable past, pending, or proposed legal proceeding. *See Lewis v. Casey,* 518 U.S. 343, 349-53 (1996).

Bilbrew complains that the confiscation of legal property resulted in the denial of access to the courts.  In considering this claim, the court takes judicial notice of Bilbrew's pleadings along with docket sheets and opinions entered by state and federal courts.  The court will consider each of the lawsuits filed in this court and whether Bilbrew has demonstrated prejudice resulting from the confiscation of his property.

Since August 21, 2003, Bilbrew has filed ten civil rights complaints, including the instant lawsuit, under 42 U.S.C. § 1983 and seven petitions for a writ of habeas corpus under 28 U.S.C. § 2254 in this court.

(1)    In Civil Action Number 4:03-3380, Bilbrew challenged a disciplinary

conviction, and on June 23, 2004, this court granted the respondent's motion for summary judgment.

(2)      In Civil Action Number 4:04-2075, Bilbrew filed a civil rights complaint.  On November 17, 2004, this court, after conducting a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), dismissed as frivolous Bilbrew's claims of retaliation, due process violations, discrimination, temperature and air circulation problems, harassment, and conspiracy.  On July 18, 2005, this court granted defendants Gary Johnson and Brenda Chaney's summary judgment motion on the claims of retaliatory unit transfer.

(3)      In Civil Action Number 4:04-2156, Bilbrew complained of the confiscation of property, retaliation, harassment, conspiracy, and denial of access to the courts. Bilbrew named five defendants.  On November 17, 2004, this court dismissed the claim as frivolous following a *Spears* hearing.

(4)      In Civil Action Number 4:04-3500, Bilbrew sued five prison officials.  On June 6, 2005, this court dismissed the complaint as frivolous.

(5)      In Civil Action Number 4:04-3509, Bilbrew filed a petition for a writ of habeas corpus challenging a prison disciplinary case.  On September 17, 2004, this court dismissed the petition for failure to state a claim.

(6)      In Civil Action Number 4:04-3522, Bilbrew filed a petition for a writ of habeas

corpus challenging a prison disciplinary conviction. On December 7, 2004, this court dismissed the petition for failure to state a claim.

(7)     In Civil Action Number 4:04-4123, this court dismissed Bilbrew's federal petition for failure to state a claim on May 20, 2005.

(8)     In Civil Action Number 4:05-0130, the instant suit, Bilbrew filed a civil rights complaint alleging that the trial judge, the court clerk, and prison officials had delayed in processing his state application for post-conviction relief.

(9)     In Civil Action Number 4:05-0365, Bilbrew complained of the denial of access to the courts resulting from a confiscation of legal property. This court dismissed the complaint for want of prosecution on April 29, 2005.

(10)    In Civil Action Number 4:05-0606, this court dismissed Bilbrew's federal petition challenging a disciplinary conviction for failure to state a claim on April 7, 2005.

(11)    In Civil Action Number 4:05-1280, Bilbrew complained of legal malpractice and of the denial of access to the courts. He named five defendants. Bilbrew alleged that prison officials interfered with his access to the courts. This case is currently pending on the court's docket.

(12)    In Civil Action Number 4:05-1598, Bilbrew complained of conspiracy, retaliation, denial of due process, as well as cruel and unusual punishment. On

August 20, 2005, this court dismissed the complaint as frivolous.

(13)   In Civil Action Number 4:05-2067, Bilbrew complained of a denial of access to the courts, verbal abuse, denial of due process, and retaliation.   On October 25, 2005, this court ordered Bilbrew to file a more definite statement.

(14)   In Civil Action Number 4:05-2071, Bilbrew complains of legal malpractice, denial of access to the courts, retaliation, and conspiracy.   The court's online research shows that Bilbrew is serving a twenty-year sentence for aggravated robbery in Cause Number 781547 in the 179th Judicial District Court of Harris County, Texas.   The First Court of Appeals noted that appellate counsel, Jules Laird, filed a brief stating his opinion that the appeal was frivolous.   The appellate court found that the brief met the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and stating why there were no arguable grounds for error on appeal.   Holding that there were no arguable grounds for appeal, the appellate court affirmed the conviction on January 10, 2001. *Bilbrew v. State,* 2001 WL 26189 (Tex. App. -- Hous. [1st Dist.], 2001)(not designated for publication). The Texas Court of Criminal Appeals refused Bilbrew's petition for discretionary review on August 17, 2001.   Bilbrew filed a state application for post-conviction relief, and the Texas Court of Criminal Appeals denied a motion for leave to file on October 6, 2004.

(15)   In Civil Action Number 4:05-2817, Bilbrew has filed a federal petition challenging a prison disciplinary conviction.

(16)   In Civil Action Number 4:05-2818, Bilbrew filed a federal petition challenging a prison disciplinary conviction.

(17)   In Civil Action Number 4:05-3070, Bilbrew complained of the denial of medical care.

This court has reviewed Bilbrew's pleadings, docket sheets, and opinions entered in the mentioned lawsuits.  Bilbrew has not established that he has been prejudiced in connection with some identifiable past, pending, or proposed legal proceeding. *See Lewis v. Casey,* 518 U.S. 343, 349-53 (1996).  From Bilbrew's pleadings, there is nothing to suggest that Bilbrew was prevented in any way from initiating or pursuing ligation on his own behalf.  Nothing in the record shows that the defendants interfered with Bilbrew's ability to bring contemplated challenges to his sentence or his conditions of confinement before the courts.  Bilbrew has not shown that his position as a litigant in a specific case was prejudiced in any way by the alleged confiscation of legal property.

Bilbrew's access to the courts claim is DISMISSED as frivolous.

## IV.   The Claim Based on Retaliation

A prison official may not retaliate against or harass an inmate for exercising the

right of access to the courts, or for complaining to a supervisor about a guard's misconduct. *Ruiz v. Estelle*, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983). Prison officials must have wide latitude in the control and discipline of inmates, but that "latitude does not encompass conduct that infringes on an inmate's substantive constitutional rights." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)(quoting *Franco v. Kelly*, 854 F.2d 584, 590 (2nd Cir. 1988)). These limitations do not unduly restrict prison officials' actions legitimately motivated by concerns for prison order and discipline. *Id.*

The Fifth Circuit has recognized that "[t]he prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996), quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995).

To state a valid claim for retaliation under section 1983, a prisoner must allege: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and (4)

causation. *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998). The law is well established that prison officials may not retaliate against an inmate for using the grievance system. *Jackson v. Cain*, 864 F.2d 1235, 1249 (5th Cir. 1989). The inmate must allege more than his personal belief that he was the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997). Mere conclusory allegations of retaliation are not enough. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). He must show that "but for" a retaliatory motive, the defendants would not have engaged in the action. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). The inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Id.*

To establish retaliation, an inmate must allege the violation of a specific constitutional right and show that but for the retaliatory motive the complained of incident would not have happened. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996)(dismissing an inmate's claim for failure to demonstrate a violation of a constitutional right); *Woods*, 60 F.3d at 1166 (stating, "[t]o state a claim, an inmate must allege the violation of a specific constitutional right").

With respect to the first element that the Petitioner must show that he was the victim of retaliation in response for engaging in constitutionally protected activities,

the Fifth Circuit has placed limits on the scope of potentially meritorious claims:

> . . . [N]either any frivolous filings nor secondary litigation
> activity, *i.e.*, legal research and writing that does not
> involve preparation of lawsuits challenging a writ writer's
> own conviction(s) or the conditions of his or her
> confinement, may comprise the basis of a retaliation claim.
> Conversely, a parole panel's consideration of such
> unprotected activity in denying a prisoner parole does not
> infringe that prisoner's constitutional right of access to the
> courts. *Id.* at ----, 116 S.Ct. at 2182 ("[i]mpairment of any
> other litigating capacity is simply one of the incidental (and
> perfectly constitutional) consequences of conviction and
> incarceration").
>
> . . .
>
> In concluding that the prisoners' constitutional right of
> access to the courts had been violated, the magistrate judge
> plainly considered, and proceeded throughout on the
> assumption, that any and all prisoner writ writing or
> litigation activity was constitutionally protected. At no
> point did he ever distinguish between frivolous filings and
> secondary activity on the one hand and protected filings of
> at least arguable merit on the other.

*Johnson v. Rodriguez*, 110 F.3d at 311. Frivolous filings and secondary activities,
such as legal research and writing for another inmate as a writ writer, may not
comprise the basis of a retaliation claim. *Id.* Consequently, a prisoner will not have
a basis for a potentially meritorious retaliation claim when his underlying complaint,
grievance, or lawsuit is frivolous.

Bilbrew first complains that the defendants have retaliated against him for
filing grievances and lawsuits. Bilbrew must show that he engaged in constitutionally

protected litigation activity and that such action, the deprivation of legal property, was taken "in an effort to chill [prisoners'] access to the courts or to punish [him] for having brought suit." *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997) (quoting *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926 (1994)).

In *Johnson v. Rodriguez*, 110 F.3d 299, 311 n.16 (5th Cir. 1997), the Fifth Circuit stated that in the absence of detailed information regarding the named parties, subject matter, arguable merit, and disposition of those lawsuits, however, there was no way to determine the extent to which the prisoners' constitutional rights of access to the courts, as defined by *Lewis* and *Tighe*, were implicated. The Fifth Circuit noted that, with the exception of pauper petitions under 28 U.S.C. § 1915(d) and the imposition of certain sanctions, express findings of frivolity are typically not required before a case is summarily dismissed. Moreover, a lawsuit which does not appear frivolous on the face of the pleadings may turn out to be (and have been) so when the pleadings are pierced at a preliminary hearing, discovery, summary judgment, or trial. Because it is the prisoner who bears the burden of proving a constitutional violation, it is the prisoner who must demonstrate the protected character, including non-frivolity, of prior lawsuits in which he was involved.

The court has reviewed the docket sheets, pleadings, and opinions in the

lawsuits Bilbrew filed in this court. This court has considered the detailed information regarding the named parties, subject matter, arguable merit, and disposition of Bilbrew's lawsuits. This court has determined that Bilbrew's constitutional rights of access to the courts, as defined by *Lewis* and *Tighe,* were not implicated. A review of Bilbrew's lawsuits shows that several complaints were dismissed as frivolous, and his petitions for a writ of habeas corpus were dismissed for failure to state a claim. Neither any frivolous filings nor secondary litigation activity may comprise the basis of a retaliation claim.

In *Jones v. Greninger*, 188 F.3d 322 (5th Cir. 1999), the Fifth Circuit reasoned that because Jones had alleged no facts sufficient to demonstrate that the appellees had engaged in conduct that would result in a violation of his right of access to the court, his retaliation claim failed. Similarly, because Bilbrew has alleged no facts sufficient to demonstrate that the defendants had engaged in conduct that resulted in a violation of his right of access to the courts, his retaliation claim fails.

Bilbrew also claims that the defendants retaliated against him for filing grievances. As discussed in this order, Bilbrew's claims raised in this lawsuit based on a denial of access to the courts and retaliation, lack merit. The grievances Bilbrew claims he would have filed would not support a valid civil rights claim because the facts presented in this lawsuit do not support a claim based on the denial of access to

the courts or retaliation.  Any actual or proposed grievance on these issues would not support a claim of retaliation.  Consequently, as to these facts, Bilbrew has failed to allege facts showing all the necessary elements of a retaliation claim against the named defendants and has, therefore, failed to state a claim on which relief can be granted.

Bilbrew complains of the confiscation of his legal property following the implementation of a new policy.  Bilbrew is apparently referring to Administrative Directive 3.72.  From the pleadings it appears that prison officials were conducting a locker review, as mandated by the new policy, to determine if Bilbrew was entitled to additional storage space.  They apparently determined that Bilbrew had not complied with the new policy which required Bilbrew to send away excess legal property.  They apparently determined that much of Bilbrew's legal property pertained to inactive cases.  Prison officials must be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order. *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990)(citing *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).  A court may not second-guess prison officials' good faith assessment of the facts before them or the adequacy of their efforts to maintain prison discipline and security.

Bilbrew has not alleged a chronology of events from which retaliation may

plausibly be inferred.  Rather, Bilbrew bases his claim of retaliation solely on the fact that his legal property was confiscated.  Bilbrew has not shown that but for the retaliatory motive, the challenged incidents would not have occurred.  To the contrary, Bilbrew's own pleadings suggest that prison officials were enforcing a new prison policy, which limited the amount of storage space an inmate can have to 1.75 to 2 square feet.

To the extent Bilbrew complains of the enforcement of the new policy limiting storage, the Fifth Circuit has rejected this argument.  In *Long*, prisoners challenged the TDC's Administrative Directive 03.72, which mandated that inmates will be provided with storage containers of approximately 1.75 cubic feet capacity.  Under this earlier policy, a TDC warden could permit an additional storage unit of 2.25 cubic feet capacity to be obtained for storage of a prisoner's legal materials.  The regulation states that if a prisoner's property cannot fit within these storage containers, it must either be mailed home at the inmate's expense, retrieved by approved visitors, or turned over to the prison for destruction.

In upholding the policy, the Fifth Circuit reasoned:

> It seems to us, as it did to the district court, highly dubious that a facially neutral prison storage space limitation of four cubic feet might in any way restrict a prisoner's exercise of constitutional rights, especially considering the obvious space limitations in a prison setting. That each

> inmate possesses well over 5,000 pages of legal papers and is participating in at least five lawsuits bespeaks eloquently the current misallocation of social resources toward excessive prisoner litigation.
>
> . . .
>
> Insofar as the appellants have requested punitive damages, this claim is frivolous under 28 U.S.C. § 1915(d). *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989). There is no arguable basis in law or in fact for a contention that, in promulgating this facially neutral administrative directive governing prisoners' accumulation of property, any TDC official maliciously, wantonly, or oppressively violated the constitutional rights of prisoners, as would be required for the assessment of punitive damages. *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). The district court did not abuse its discretion in dismissing appellants' complaint.

*Long v. Collins*, 917 F.2d 3, 4 (5th Cir. 1990).

In a recent unpublished opinion, the Fifth Circuit found that prisoners had failed to show that A.D. 03.72, the newer version of the policy challenged in *Long*, violated the Due Process Clause. *Duplantis v. Carmona*, 2004 WL 75424, *1 (5th Cir. January 16, 2004). Bilbrew's claim based on a denial of due process resulting from the enforcement of the new policy fails.

## V. The Claims Against Judge Wilkinson

Judges are afforded absolute immunity when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 357-60 (1978). A judge's jurisdiction is construed broadly;

a judge is not deprived of immunity because the action he took was erroneous, malicious, or exceeded his authority. *Id.* at 357. The nature of the function performed governs the immunity analysis. *Forrest v. White*, 484 U.S. 219, 227-229 (1988)(denying judge absolute immunity when performing administrative rather than judicial duties).

Bilbrew challenges the acts and omissions of Judge Wilkinson, who presided over proceedings relating to Bilbrew's application for post-conviction relief. Reviewing and granting motions filed by the parties are normal judicial functions. The controversy centers around the state application for post-conviction relief that was properly in Judge Wilkinson's court. The complained-of acts against Judge Wilkinson arose out of Judge Wilkinson's handling of the case.

The record is clear that the challenged acts of Judge Wilkinson were judicial acts. Bilbrew does not allege, nor does the record support, a clear absence of jurisdiction on the part of this judicial officer. Bilbrew's claims against Judge Wilkinson lack merit because Bilbrew is seeking relief from a party who is immune from suit.

## VI.   The Claims Against the Harris County District Attorney

Bilbrew seeks damages against Charles Rosenthal, the Harris County District Attorney, for conduct in the litigation of post-conviction proceedings. Absolute

immunity precludes his claim.   Prosecutors have absolute immunity from such damages claims.  *Beck v. Texas State Bd. Of Dental Examiners,* 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed,* 500 U.S. 478, 491 (1991)).   Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id.* Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford,* 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)).  The actions Bilbrew complains of are related to the judicial process and were undertaken in furtherance of the attorney's advocacy function in his representation of the government.   Defendant Rosenthal is entitled to absolute immunity from Bilbrew's suit and the damages claims against him are dismissed.

## VII.  The Claim Based on a Denial of Equal Protection

Bilbrew contends that the defendants violated his right to equal protection of the law.  Under the Equal Protection Clause, in order to prevail, plaintiffs must show that a defendant acted with discriminatory purpose. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *General Bldg. Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 390-92 (1982); *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 265 (1977);  *Washington v. Davis,* 426 U.S. 229, 240 (1976).

While Bilbrew need not prove that a discriminatory intent was the sole

motivating factor, Bilbrew must show that a discriminatory purpose was a motivating factor. *Village of Arlington Heights,* 429 U.S. at 265. As the Supreme Court has observed: "'Discriminatory purpose' ... implies more than an intent as volition or intent as awareness of consequences.... It implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Adm'r of Mass. v. Feeney,* 442 U.S. 256, 279 (1979). There can be no "negligent" violations of an individual's right to equal protection. Rather, only deliberate discrimination violates the equal protection clause. *See McCleskey,* 481 U.S. at 292; *Village of Arlington Heights*, 429 U.S. at 265; *Davis,* 426 U.S. at 240; *United States v. Clary*, 34 F.3d 709, 713 (8th Cir. 1994), *cert. denied,* 513 U.S. 1182 (1995).

To succeed in his equal protection claim, Bilbrew must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated. *McCleskey v. Kemp*, 481 U.S. 279 (1987).

Bilbrew has failed to make this showing. The court finds that Bilbrew has failed to meet his burden of demonstrating purposeful discrimination on the part of the defendants. There is no evidence from which the court may infer that defendant's asserted reasons for confiscating property were a pretext for discrimination. Bilbrew's equal protection claim fails.

## VIII.  Pendent State Claims

A federal district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).  The court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  Because  the court has dismissed Bilbrew's section 1983 claims, the court declines to exercise supplemental jurisdiction over the claims he asserts based on state law.

## IX.  Conclusion

Bilbrew's motion to proceed, construed as a motion to reinstate, (Docket Entry No. 12), is GRANTED.

The action filed by Clarence Wilbert Bilbrew (TDCJ-CID Inmate #882188) lacks an arguable basis in law.  His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).  Any remaining pending motions are DENIED as moot.

The TDCJ-CID shall continue to deduct twenty percent of each deposit made to Bilbrew's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $150.00 is paid in full.

The Clerk is directed to provide a copy to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Clerk of Court, United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, attention: Betty Parker.

SIGNED at Houston, Texas, on _____November 9_____, 2005.


_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE